◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT CAPUTO, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered November 20, 1972, convicting him of attempted burglary in the third degree, upon a guilty plea, and imposing sentence. Judgment affirmed. No opinion. Latham, Acting P. J., Coholan, Christ and Munder, JJ., concur; Shapiro, J., dissents and votes to reverse and to remand the case to the County Court for repleading and further proceedings not inconsistent herewith, with the following memorandum: At the time of pleading guilty, defendant was informed by the court as follows: "There is a possibility of a sentence to a State prison for an indeterminate term, up to four years, a possibility of sentence to a County Jail for up to one year, the possibility of probation for a period of up to five years, a conditional discharge, and there is also a possibility of an unconditional discharge." As a matter of law, however, the court could not, under the circumstances of this case, place defendant on probation, sentence him to the County Jail or give him either a conditional or unconditional discharge, since defendant admitted his addiction to drugs (Mental Hygiene Law § 81.21, former subd. [d], par. 2; § 81.21, former subd. [e]). Under the statute, the court could only sentence defendant to prison or a rehabilitation program, if available. In this situation, defendant should have an opportunity to withdraw his plea of guilty when it appears that it was given in reliance upon an erroneous statement of law by the court.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JEFFREY LASSEN, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County, imposed November 1, 1972, upon a conviction of criminally negligent homicide, upon a plea of guilty, the sentence being an indeterminate prison term not to exceed three years. Sentence modified, as a matter of discretion in the interest of justice, to a period of probation and case remanded to the Criminal Term to fix the period and conditions of probation. In our opinion, defendant should have been sentenced to a period of probation. Gulotta, P. J., Hopkins, Latham, Shapiro and Cohalan, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN McLEAN, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered May 11, 1973, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. During the trial, the District Attorney was allowed to read to the jury from a police form concerning defendant's past criminal record. This constituted error, even though defense counsel had introduced the form into evidence earlier in the trial and had read to the jury from another part thereof (People v. Condon, 26 N Y 2d 139). However, the Trial Judge later clearly charged the jury to disregard the form and its contents. Moreover, the proof of defendant's guilt was so overwhelming that there was no reasonable possibility of a verdict other than the one rendered. Under these circumstances, we deem the error harmless (CPL 470.05, subd. 1). Latham, Acting P. J., Shapiro, Cohalan, Christ and Munder, JJ., concur.